UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ALBERT FARAH,

        Plaintiff,
 v.

ROBERT RICHESON, MICHAEL
DESENA, ADRIANA DEBARRIOS, and
MICHELLE BRITTON

        Defendants.

3:19-cv-01247 (CSH)

**SEPTEMBER 5, 2019**

## RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

**HAIGHT, Senior District Judge:**

Plaintiff Albert Farah ("Plaintiff" or "Farah"), a convicted prisoner currently incarcerated at the Garner Correctional Institution ("Garner") in Newtown, Connecticut, has filed suit *pro se* pursuant to 42 U.S.C. § 1983 against four Connecticut Department of Correction ("DOC") officials in their individual and official capacities: Robert Richeson, Chief Operations Officer of Health Services; Michael DeSena, Medical Supervisor; Adriana De Barrios, Nursing Supervisor; and Michelle Britton, Registered Nurse (collectively, the "Defendants"). Doc. 1 ("Compl."). Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment. *Id.* He seeks unspecified monetary damages. *Id.* at 15.

On September 4, 2019, Plaintiff filed the present motion seeking a preliminary injunction and temporary restraining order against the Defendants. *See* Doc. 6. Specifically, Plaintiff seeks a Court order enjoining the Department of Corrections from transferring the Plaintiff in retaliation for his complaint, *id.* at 1, and "requiring the defendants to provide the plaintiff with medical treatment," *id.* at 11. The Court has considered this motion for by Plaintiff for equitable relief *sua*

*sponte*, as the Defendants have not yet been served with this motion, nor have they filed papers opposing it. For the reasons discussed below, Plaintiff's motion for a preliminary injunction and temporary restraining order is DENIED.

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To meet this high burden, a plaintiff must establish a likelihood of irreparable harm absent relief, and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL–CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).

Here, Plaintiff seeks a Court order enjoining the Department of Corrections from transferring the Plaintiff in retaliation for filing suit. Plaintiff is not entitled to the relief he seeks. First, the DOC – the entity against whom Plaintiff seeks an injunction – is not a defendant in this action. Thus, the Court lacks jurisdiction to enjoin its actions. *See Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999) ("The court must have in personam jurisdiction over a person before it can validly enter an injunction against her."); *Hanton v. Savoie*, No. 3:03CV1643SRUWIG, 2004 WL 1553613, at *2 (D. Conn. July 8, 2004). Even if it were a party, though, the harms contemplated in Plaintiff's motion are purely speculative. No specific threats are alleged to have been made against Farah. In fact, there are no allegations that the DOC or any

Defendant ever even contemplated transferring Farah to a different facility – much less that such transfer would cause irreparable harm, in light of Farah's issues with the medical care available at Garner. Plaintiff's bald allegations, standing alone, do not entitle him to preliminary injunctive relief. *Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction.").

Furthermore, there is no relationship between the conduct giving rise to the complaint and the relief sought in the motion seeking injunctive relief. *See Hanton*, 2004 WL 1553613, at *2; *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated to injury that gave rise to complaint). The claims against the Defendants in the Complaint arise out of the medical treatment that Plaintiff received at Garner. The present motion, by contrast, raises the legally and factually distinct claim that Farah might be transferred in retaliation for filing this action. Thus, the request for preliminary injunctive relief is beyond the scope of this action. *See Hanton*, 2004 WL 1553613, at *2 (denying preliminary injunction where claims against the defendants arose from plaintiff's inadequate medical treatment, but plaintiff's alleged injury stemmed from defendants' retaliatory attempts to interfere with his placement in a halfway house); *Al-Bukhari v. Dep't of Correction*, 720 F. App'x 655, 656 (2d Cir. 2018) (denying motion for preliminary injunction because "[t]he claims of infringement that Al-Bukhari made in his motion do not appear in his underlying complaint, in which he alleged that he had wrongfully not been provided hard-backed religious books. . . . Accordingly, as this case comes to us, the preliminary injunctive relief sought by the plaintiff 'deals with a matter lying wholly outside the issues in the suit,' and for that reason the district court acted within its discretion in

denying the plaintiff's motion for a preliminary injunction.").

Plaintiff also seeks a Court order "requiring the defendants to provide the plaintiff with medical treatment (sooner than later) and without prejudice." Doc. 6 at 11. "To establish irreparable harm, the movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (internal quotation marks omitted). Plaintiff does not specify the nature of the medical treatment he seeks, nor has he supported his motion with any claims of *ongoing* misconduct. To the contrary, of the three discrete occasions on which he alleges Nurse Britton failed to provide adequate medical treatment, the most recent incident occurred on May 11, 2019 – nearly four months ago – and the time span was limited to a two month period. Further, Plaintiff's Complaint seeks only monetary damages to remedy these alleged wrongs. Thus, simply put, "[P]laintiff's alleged fear of future wrongdoing by the Defendants is not sufficient to warrant the extraordinary remedy of injunctive relief." *Groves v. Davis*, No. 11-CV-1317 (GTS/RFT), 2012 WL 651919, at *8 (N.D.N.Y. 2012); *see also Hancock v. Essential Res., Inc.*, No. 91-CV-0213, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Based on the foregoing, Farah's motion for a preliminary injunction and temporary restraining order [Doc. 6] is DENIED.

**It is SO ORDERED.**

Dated: September 5, 2019
      New Haven, Connecticut

                                        <u>Charles S. Haight, Jr.</u>
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge